**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**Hartford Division**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Linda A. Pellechia, | |
| DEBTOR | CASE NO. 14-21785 |
| Ocwen Loan Servicing, LLC as servicer for Wells Fargo Bank, National Association as Trustee for Lehman Mortgage Trust Mortgage Pass-Through Certificates, Series 2006-9, | |
| MOVANT | |
| VS | RE: ECF NO. 74 |
| Linda A. Pellechia, | |
| DEBTOR | |
| Bonnie C. Mangan, TRUSTEE | |
| RESPONDENT | |

## SUMMARY DECISION IN SUPPORT OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

It is hereby ORDERED that Stay relief is granted under § 362(d)(1) for cause shown. Upon review of the docket, examination of the motions and briefs of the parties and oral argument (including the concessions of fact and the law by debtor's counsel) the stay is modified for good and compelling cause shown, the foreclosure may proceed, and the 14 day stay of this Order is waived.

The CH 7 case herein has been substantially administered in that the Trustee has filed a NO ASSET report, any estate property has been abandoned, along with any foreclosure claims, defenses or counterclaims and the debtor was denied her discharge (ECF 14) in October of 2014. The legal consequences of such events indisputable serve to terminate the stay as to property of the estate, the debtor and the debtor's interest in the subject property. 11 USC 362(c) (1) and (2).

FURTHER, as the State Court has entered a summary judgment decision on the Debtor's liability in a long pending, vigorously contested foreclosure proceeding, there is also good cause under applicable case law to allow that proceeding to advance to its conclusion ( <u>In re Sonnax Indus,</u> 907 F2d 1280 (2d Cir. 1990) . As required in this Circuit, the Movant has demonstrated its colorable claim to foreclose through the presentation of the ostensibly original note and mortgage to this Court, and to the State Court upon summary judgment. Through what has been a war of attrition, the debtor has had the extended protection of the automatic stay in this and prior proceedings, and a 9 year hiatus in mortgage payments because of alleged confusion or misdeeds of the Mortgage servicer. To the extent not previously decided by the State Court, the debtor's claims, defenses and counterclaims are preserved and unaffected by this decision. A day of reckoning in a court of competent jurisdiction and specialization, in a case that is substantially advanced and well suited to conclusively address the allegedly unresolved issues, in law or equity, is not just fundamentally fair, efficient and appropriate (as opposed to further delays and multiple litigation efforts) , but overdue. Rather than fueling more intractable litigation, closure should be the objective of one with a bona fide grievance. See <u>Bank of NY v Sonja Bell et al</u>, 2014 US District CT Lexis 174716. The State Court is uniquely positioned in these circumstances to hear and decide any remaining issues which would justify or preclude the entry of a final judgment of foreclosure in the Movant's favor.

IT IS SO ORDERED at Hartford, Connecticut this 8th day of February 2017

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut